UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



---

UNITED STATES OF AMERICA,

v.

YUSEF E. MALIK MYRICK,

Defendant.

22-CR-175 (JLS) (MJR)

---

## DECISION AND ORDER

Defendant Yusef E. Malik Myrick knowingly and voluntarily waived his right to be represented by counsel, and this Court permitted him to proceed *pro se*, with the assistance of standby counsel. *See* Dkt. 144. Since then, Myrick has filed several motions regarding issues related to trial preparation, including access to discovery and other trial preparation tools.

On November 3, 2025, the Court issued a decision and order resolving Myrick's "omnibus motion," which sought, among other things, *pro se* "necessities," including access to a laptop, a non-recorded telephone, flash drives, and a tablet. *See* Dkt. 161. Soon after, Myrick filed a motion seeking relief related to accessing certain trial preparation tools and resources—many of which overlap the requests in his prior motion that the Court already resolved. *See* Dkt. 168.

The Court held a status conference on November 18, 2025, addressed some of Myrick's concerns, and granted his request to adjourn the trial to give him more time to prepare. *See* Dkt. 171. Trial currently is scheduled to begin on March 9, 2026. *See id.*; Dkt. 177, at 1.[1]

Myrick continued to file motions related both to trial preparation and other issues. The Court set a briefing schedule on each motion and granted Myrick extensions of time each time he requested them.[2]

This decision and order resolves all outstanding issues regarding Myrick's trial preparation-related requests—specifically, those raised in Dkt. 168, Dkt. 185, Dkt. 197, and Dkt. 199.[3] The Court will address the portion of Dkt. 197 that requests "a reasonable adjournment of trial to accommodate for lost time preparing" at the February 3, 2026 status conference.[4]

---

[1] Page references are to the numbering automatically generated by CM/ECF, which appears in the header of each page.

[2] On January 14, 2026, the Court granted Myrick's motion for subpoenas duces tecum. Dkt. 190. On January 30, 2026, the Clerk of Court issued the subpoenas. Dkt. 203.

[3] The Government stated that it had no further response to Dkt. 168. *See* Dkt. 171. It filed a "limited response" to Dkt. 185, to state: "Because the . . . motion alleges conduct occurring at [the facility] by jail officials that the government has no knowledge of, the government takes no position on the instant motion." Dkt. 189, at 1. The Government responded in opposition to Dkt. 199, but its response was limited to the request to adjourn trial, which the Court does not address here.

[4] Myrick has two other pending motions: Dkt. 179 and Dkt. 184. The Court recently granted Myrick an extension of time to reply in further support of those motions and will address them after they are fully briefed. *See* Dkt. 201.

## DISCUSSION

Myrick requests the following:

- "a minimum of 5 hours a day of unfettered access to the law library," *see* Dkt. 168, at 2;

- "unfettered access to printing out legal documents," *see id.*;

- "his own GTL tablet with unfettered access so he may utilize the up-to-date Lexis Nexus app," *see id.* at 2; *see also* Dkt. 197, at 6, 8;

- "the immediate return of [his] thumb drive," *see* Dkt. 168, at 2; *see also* Dkt. 185, at 3–4;

- "a non-recorded telephone placed in segregation which [he] will have unfettered access to with reasonable security assurances," *see* Dkt. 168, at 3;

- "a laptop made accessible to [him] within the [restricted housing unit ("RHU")] so that he may continue typing his motions without staff abusing the 'for safety and security of the building' clause," *see id.*; and

- "some of the discovery . . . be placed in his standby counsel's care for more frequent viewing," as well as "a better schedule . . . to be brought [to the courthouse] to view discovery" and "the facility ordered to turn over [his] discovery immediately," *see* Dkt. 197, at 7–8.

He relies primarily on the Sixth Amendment and the Due Process Clause, as well as Section G.2.3.a of the Federal Performance Based Detention Standards Handbook and *Bounds v. Smith*, 430 U.S. 817 (1977). *See* Dkt. 168, at 3–4; Dkt. 185, at 2; Dkt. 197, at 3, 7; Dkt. 199, at 2.

The Sixth Amendment allows a criminal defendant to represent himself if he wishes to do so. *See Faretta v. California*, 422 U.S. 806, 817–18 (1975). But "[w]hen an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel." *Id.* at 835.

Such "traditional benefits" include access to particular legal resources. Indeed, "[n]othing in *Faretta* or the Sixth Amendment . . . expressly establishes that a defendant who has knowingly elected to proceed *pro se* has a right of access to a law library or legal materials." *United States v. Denton*, 535 F. App'x 832, 835 (11th Cir. 2013).[5] A "*pro se* criminal defendant has no constitutional right of access to a law library or legal materials where counsel has been offered." *Id.* at 835; *see also United States v. Helbrans*, 2021 WL 4778525, at *14 (S.D.N.Y. Oct. 12, 2021) ("The Second Circuit has 'recognized . . . that the right to represent oneself in criminal proceedings is protected by the Sixth Amendment. But this right does not carry with it a right to state-financed library resources where state-financed legal assistance is available.'" (quoting *Spates v. Manson*, 644 F.2d 80, 85 (2d Cir. 1981)) (citation modified)).

---

[5] In *Denton*, the Eleventh Circuit rejected the *pro se* defendant's argument that "the district court violated his Sixth Amendment right to self-representation by denying him 'meaningful access' to a law library or legal materials in preparation for his jury trial," where the district court made several accommodations to allow the defendant—who was housed in a jail with no law library—to access legal materials at the courthouse, within certain limits. *See id.* at 834.

4

The Sixth Amendment, therefore, does not require that Myrick receive the comprehensive, detailed, specific relief he demands. Already, accommodations have been made to facilitate Myrick's trial preparation. The Court appointed standby counsel to assist Myrick, and his papers make clear that he is using standby counsel as a resource.[6] *See, e.g.*, Dkt. 197, at 7 (Myrick "has called his stand-by counsel 190 times via the phone application" on the GTL tablet.).

Moreover, the Government has worked with Myrick, his standby counsel, the U.S. Marshals Service, and the jail to arrange for Myrick to access discovery—both to possess and review at the facility and to review at the courthouse. Myrick acknowledges as much. *See* Dkt. 197, at 8 (requesting "a better schedule . . . to be brought to view discovery" and "the facility . . . to turn over [his] discovery immediately," and acknowledging that the "Government has been meeting their obligations of providing Myrick with discovery he is allowed to possess, but the facility is hampering his ability to view it").

---

[6] As this Court has pointed out before, however, Myrick is proceeding *pro se*. He knowingly and voluntarily waived his right to counsel, and limitations on his access to standby counsel that do not make standby counsel unavailable to him do not raise Sixth Amendment concerns.

Myrick has access to several trial-preparation tools at the facility, including a personal GTL tablet with Lexis Nexis access,[7] a community computer,[8] a non-recorded telephone,[9] and a thumb drive.[10] Certainly, there are restrictions on Myrick's access to each of these items, as one would expect while detained in a restricted housing unit.[11] But he is not completely without access to resources to prepare for trial.[12] He also has remained able to file papers and communicate with the Court, as demonstrated by his regular filings.

---

[7] Several months ago, Myrick requested a GTL tablet to access Lexis Nexis to perform legal research. See Dkt. 150, at 3–4 ("Myrick is often denied access to Lexis Nexis due to 'the safety and security of the facility.' . . . The GTL tablets have an up-to-date copy of Lexis Nexis available."). The Court ordered the jail "to use every effort to explore whether Myrick can be assigned a personal tablet until his trial concludes without compromising the safety and security of the facility." See Dkt. 161, at 10. Evidently, the jail did so. See Dkt. 197, at 6–7 (acknowledging that he has a personal GTL tablet but complaining about the restrictions on that tablet). It does not appear that the jail violated the Court's order. Myrick's initial request focused on access to Lexis Nexis. See Dkt. 150, at 3–4; Dkt. 168, at 2. To the extent that he requires access to additional applications on the tablet, he has acknowledged previously that the RHU has two tablets—presumably, loaded with these applications—available to all residents of the unit. See Dkt. 150, at 3–4.

[8] The Court resolved Myrick's request for a personal laptop. See Dkt. 161, at 8–9.

[9] The Court also resolved Myrick's request for a non-recorded telephone in the RHU. See Dkt. 161, at 9.

[10] Myrick demanded certain relief regarding the thumb drive, see Dkt. 168, at 2; Dkt. 185, at 3–4, but his most recent submission on the issue states that he "has nothing to request of the Court regarding his facility-issued thumb drive," see Dkt. 197, at 6.

[11] The Court understands that Myrick is housed in the RHU due to the nature of the charges. Myrick's behavior also might play a role in his designation to the RHU.

[12] Assuming that the Federal Performance Based Detention Standards Handbook provides a basis for relief, the Court cannot conclude that, under the relevant circumstances, the facility has failed to provide "maximum access to the law

On several occasions, the Court has noted that many of Myrick's obstacles are the result of (1) his decision to represent himself, and (2) the particular facility he is housed at. On each occasion that the Court offered Myrick the options to reconsider his decision to proceed *pro se* or to explore transferring to a different facility, he has declined. Under these circumstances, the Court discerns no Sixth Amendment violation.[13]

Regardless, the Court encourages the facility to exercise its best efforts to provide Myrick access to trial preparation resources—for example, his personal and the community GTL tablet, the community computer, the community non-recorded telephone, his thumb drive, his legal papers, and other legal resources—within the safety and security concerns of the facility, so that he can prepare for his criminal trial.

---

library[,] if available, to include legal materials, electronic discovery, [and] equipment to view, prepare[,] and print documents." *See* United States Marshals Service, *Federal Performance Based Detention Standards Handbook* 63 § G.2.3.a (revised 5/1/2025), https://www.usmarshals.gov/sites/default/files/media/document/federal-performance-based-detention-standards-12.pdf.

[13] Nor do the circumstances establish that Myrick has been denied meaningful access to the Court. *See Bounds*, 430 U.S. at 828 ("[T]he fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."); *see also Lewis v. Casey*, 518 U.S. 343 (1996) ("Insofar as the right vindicated by *Bounds* is concerned, 'meaningful access to the courts is the touchstone,' . . . and the inmate therefore must . . . demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.") (quoting *Bounds*, 430 U.S. at 823).

The Court will ensure that the U.S. Marshals Service promptly relays this order to the jail. The Court also encourages the Government and standby counsel to continue assisting Myrick with access to discovery and other issues, as they arise.

The Court recognizes that the constraints Myrick is operating under as a detained *pro se* defendant slow down his trial preparations. Accordingly, the Court has been amenable to Myrick's reasonable extension and adjournment requests. But the Court also must have an eye on the fact that he is a pretrial detainee—at a jail, not at a law firm. Myrick's motion overlooks that a jail typically has competing interests that it must use its expertise to balance.

## CONCLUSION

For these reasons, Myrick's outstanding requests related to trial preparation (as contained in Dkt. 168, Dkt. 185, Dkt. 197, and Dkt. 199) are resolved as set forth above. The Court will address Myrick's request to adjourn the trial at the February 3, 2026 status conference. Myrick's standby counsel shall make his best efforts to provide Myrick with a copy of this decision and order, so that he may review it before the February 3 status conference. The balance of the motion is denied.

SO ORDERED.

Dated:   February 2, 2026
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE