UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

YUSEF E. MALIK MYRICK,

22-CR-175 (JLS) (MJR)

Defendant.

---

## DECISION AND ORDER

*Pro se* defendant Yusef E. Malik Myrick moved for various relief based on contact between two witnesses who will testify against him at trial: co-defendant Lily Brandow and Minor Victim 2.[1] Dkt. 184. The Government opposed the motion (Dkt. 184), and Myrick replied (Dkt. 208).

The parties disagree about the effect of the contact between Brandow and Minor Victim 2, as well as the appropriate action to address any such effects. But the parties do not appear to dispute the core relevant facts, namely, that Brandow and Minor Victim 2 were in a romantic relationship for a time, including during this case; that Brandow and Minor Victim 2 continue to communicate regularly; that, during this case, Brandow told Minor Victim 2 not to testify because such testimony

---

[1] Myrick refers to the second witness by the witness's initials; the Government refers to this witness as Minor Victim 2. *Compare* Dkt. 179 and Dkt. 208, *with* Dkt. 184. The Court has confirmed that the parties refer to the same person. The Court uses Minor Victim 2 to refer to this person here.

could put Brandow in jail; that the Government disclosed this information to Myrick in October 2025; and that, after Minor Victim 2 disclosed this contact with Brandow, the Government instructed Minor Victim 2 not to discuss any facts of the case with Brandow and contacted Brandow's attorney with an instruction that Brandow should not discuss any facts of the case with Minor Victim 2.

In addition, Myrick states that, in October 2023, he alerted the magistrate judge and the Government to Brandow's and Minor Victim 2's relationship and alleged contact.[2]

Myrick seeks two categories of relief—as against Brandow and as against the Government. As to Brandow, he seeks: (1) an order revoking her release;[3] (2) a no-contact order between Brandow and Minor Victim 2; (3) other "appropriate sanctions" on Brandow; (4) referral for criminal charges; and (5) exclusion of Brandow's trial testimony and "revocation of her proffer agreement." Dkt. 179, at 1, 7–8; *see also* Dkt. 208, at 22–23.

As to the Government, Myrick seeks: (1) dismissal of all counts in the indictment involving Minor Victim 2; (2) exclusion of Brandow's and Minor Victim 2's trial testimony; (3) a "formal admonishment" of one of the AUSAs assigned to

---

[2] The Government does not respond to these facts, and the transcript from the October 25, 2023 proceeding in front of the magistrate judge confirm that Myrick referenced the romantic relationship. *See* Dkt. 241, at 30–31. The Court will assume they are true. As explained below, they do not change the Court's analysis on this motion.

[3] Myrick frames this request as one to revoke pre-trial release. But Brandow pled guilty on August 14, 2024, *see* Dkt. 103, and is released on conditions pending sentencing.

the case; and (4) removal of that AUSA from the case. Dkt. 179, at 1, 8–9; *see also* Dkt. 208, at 22–23. Myrick also seeks an evidentiary hearing regarding the underlying allegations.

Myrick possesses the report and information regarding the Brandow-Minor Victim 2 contact and has (and has had) sufficient time to make use of it at trial. He is not otherwise entitled to any of the relief he seeks on this motion. His motion, therefore, is denied in its entirety.

## DISCUSSION

## I.   Relief Against the Government

As against the Government, Myrick principally argues that the Government had information about contact between Brandow and Minor Victim 2 but did not respond sufficiently to address or prevent it. He seeks various remedies as a result.

Due process requires the Government to produce "evidence favorable to the [defendant] . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This obligation extends to "evidence that is useful for impeachment, *i.e.*, having the potential to alter the jury's assessment of the credibility of a significant prosecution witness." *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998); *see also Giglio v. United States*, 405 U.S. 150, 154–55 (1972) (failure to disclose "evidence of any understanding or agreement as to a future prosecution" with key witness violated defendant's due process rights

3

because such evidence "would be relevant to . . . credibility and the jury was entitled to know of it").

A *Brady* violation exists where: (1) the "evidence at issue [is] favorable to the accused, either because it is exculpatory or because it is impeaching"; (2) the evidence was "suppressed by the government, either willfully or inadvertently"; and (3) "prejudice [to the defendant] ensued." *United States v. Ulbricht*, 858 F.3d 71, 112 (2d Cir. 2017) (citation modified). No *Brady* violation exists where "'a defendant possesses *Brady* evidence in time for its effective use.'" *United States v. Halloran*, 821 F.3d 321, 341 (2d Cir. 2016) (quoting *United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001)).

The "remedy for a *Brady* violation is *vacatur* of the judgment of conviction and a new trial in which the defendant now has the *Brady* material available to [him]." *Poventud v. City of N.Y.*, 750 F.3d 121, 133 (2d Cir. 2014); *Halloran*, 821 F.3d at 341 n.14 (same, in a criminal case). "Dismissal of the indictment is an 'extreme sanction' and a 'drastic remedy,' [that is] appropriate only when it is otherwise 'impossible to restore a criminal defendant to the position that he would have occupied vis-a-vis the prosecutor,' or when there is a 'widespread or continuous' pattern of prosecutorial misconduct.'" *Halloran*, 821 F.3d at 341 n.14 (quoting *United States v. Fields*, 592 F.2d 638, 647 (2d Cir. 1978)).

There was no *Brady/Giglio* violation here. The Government concedes—and the Court agrees—that the evidence is favorable to Myrick because it may be used

4

to impeach Brandow and Minor Victim 2. *See* Dkt. 184, at 3. But the other two elements of a *Brady* violation are absent.

First, the evidence was not suppressed. Myrick admits that he received the material in October 2025.[4] *See* Dkt. 179, at 2. Indeed, the instant motion is based on this material. Trial is scheduled to begin on July 13, 2026. Myrick, therefore, will have possessed the material—which relates to the impeachment of two witnesses—with more than enough time to make effective use of it.

Likewise, Myrick did not establish the relevant prejudice. He will have possessed the impeachment material for more than eight months by the time trial begins. He does not argue that this eight-month period establishes prejudice. Instead, he argues that prejudice results from the "irreversible damage" that may have occurred to Minor Victim 2's testimony between September 25, 2025 and late October 2025, including more time to "communicate and potentially coordinate stories, taint further evidence, or allow [Minor Victim 2] to change her mind about testifying." Dkt. 179, at 5; *see also id.* at 6–7 ("Though AUSA Mango did ultimately

---

[4] The specific timing of the disclosure—made by Minor Victim 2 during a witness preparation meeting on September 25, 2025, documented in a report on October 24, 2025, sent by the Government to Myrick on October 24, 2025, and received by Myrick on October 28, 2025—also does not establish a *Brady* violation. *See* Dkt. 179, at 2; Dkt. 184, at 2; *see also Coppa*, 267 F.3d at 142 ("[W]e have never interpreted due process of law as requiring more than that *Brady* material must be disclosed in time for its effective use at trial."). That Myrick informed the magistrate judge and the Government of purported contact between Brandow and Minor Victim 2 during a court appearance in the October 2023, *see* Dkt. 179, at 1–2; Dkt. 208, at 8; Dkt. 241, at 30–31, does not affect the *Brady* analysis. *See United States v. LeRoy*, 687 F.2d 610, 618 (2d Cir. 1982) ("Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." (citations omitted)).

disclose this information, the . . . delay could have serious negative [e]ffects that will likely not be revealed until trial."). But that is not the prejudice that *Brady* and its progeny seek to address.

Even if there were a *Brady* violation here—and there was not—there would be no appropriate remedy available for the Court to order. *See Halloran*, 821 F.3d at 341 n.14 (remedy is a new trial at which defendant has the *Brady* material available). Here, Myrick will have the material available to him for his trial, and he will have possessed it for over eight months. *Brady* and its progeny do not require more.

Nor do Myrick's extensive allegations, *see generally* Dkt. 179; Dkt. 208, establish the "widespread or continuous pattern of prosecutorial misconduct'" required to make dismissal of the indictment an appropriate remedy, *see Halloran*, 821 F.3d at 341 n.14 (citation modified). Myrick's allegations, even if true,[5] do not show bad faith or intentional (or any) willful withholding of known exculpatory or impeaching information by the Government. *See United States v. Pizarro*, Nos. 19-2391, 19-2419, 2023 WL 3332539, at *1 (2d Cir. May 10, 2023).

The Government disclosed Minor Victim 2's statements regarding contact with Brandow to Myrick sufficiently soon enough for Myrick to make effective use of them at trial. The Government also relayed instructions to Minor Victim 2 and

---

[5] Aside from the claim that the Government failed to address adequately the purported contact between Brandow and Minor Victim 2 between October 2023 and September 2025—which the Court already concluded does not establish a *Brady* violation—most of the "patterns of behavior" Myrick offers involve the witnesses themselves. *See* Dkt. 208.

Brandow that they may not discuss the case. Under these circumstances, and for the reasons discussed above, the Government acted appropriately here, and there is no basis to impose the sanctions Myrick seeks.[6]

## II.    Relief Against Brandow

Myrick also seeks various relief against Brandow for her contact with Minor Victim 2.

First, he asks the Court to revoke Brandow's release. Brandow pled guilty on August 14, 2024. Dkt. 102. She currently is released pending sentencing. In other words, the Court has determined: (1) by clear and convincing evidence that Brandow is not likely to flee or to pose a danger to the safety of any other person or the community if released, *see* 18 U.S.C. §§ 3143(a)(1), (b)(1); and (2) that Brandow clearly showed that there are exceptional reasons why her detention pending sentencing would not be appropriate, *see* 18 U.S.C. § 3145(c). Even if all of Myrick's allegations regarding Brandow, *see* Dkt. 179; Dkt. 208, were true, and assuming Myrick's standing to raise this issue, they do not change the determinations previously made by the Court.[7]

---

[6] Nor is it appropriate to exclude Minor Victim 2's testimony based on the contact with Brandow that Minor Victim 2 reported (and the Government disclosed to Myrick). *See Halloran*, 821 F.3d at 341 n.14 (remedy is a new trial at which defendant has the *Brady* material available). Myrick may cross-examine Brandow and Minor Victim 2 about contact they had regarding this case. The Court will determine the scope of permissible cross-examination regarding the other allegations regarding Brandow, Minor Victim 2, and others, *see, e.g.*, Dkt. 208, at 2–7, later.

[7] As to procedural issues with Myrick's request, the Court notes that the provisions he relies on, *see* Dkt. 179, at 1, 7, do not apply here because Brandow has not failed to appear and, as explained above, Brandow is not currently released under 18

Second, he asks for a no-contact order between Brandow and Minor Victim 2. The Government already has instructed Minor Victim 2 not to discuss any facts of the case with Brandow and contacted Brandow's attorney with an instruction that Brandow should not discuss any facts of the case with Minor Victim 2. Under the circumstances here, no further action is necessary.

Third, the Court generally does not refer parties before it for criminal charges. *See Hill v. Dido*, 191 F. App'x 13, 14–15 (2d Cir. 2006) (courts have "long recognized that crimes are prosecuted by the government, not by private parties" (citation modified)). And Myrick is not a party to any proffer agreement between Brandow and the Government; the Court, therefore, will not revoke it based on his request. *See United States v. Liranzo*, 944 F.2d 73, (2d Cir. 1991) (when considering defendant's claim that government breached the proffer agreement between the parties, stating that "proffer agreements[] are interpreted according to principles of contract law").

Finally,[8] as discussed above, exclusion of Brandow's trial testimony based on the allegations presented here is not appropriate. *See supra* note 6.

---

U.S.C. § 3142. *See* 18 U.S.C. § 3146(b) (punishment for failure to appear); 18 U.S.C. § 3148 (sanctions available to "a person who has been released under section 3142 of this title"). Even if Section 3148 applied here, it allows "the attorney for the Government [to] initiate a proceeding for revocation of an order of release by filing a motion with the district court." 18 U.S.C. § 3148(b). Myrick is not an attorney for the Government.

[8] Nor did the Court identify any other "appropriate sanctions" that apply here. *See* Dkt. 179, at 1.

### III. Evidentiary Hearing

The Court also denies Myrick's request for an evidentiary hearing based on the allegations contained in his submissions.  As noted above, for purposes of resolving this motion, the Court has assumed that his allegations are true.  Even if true, those allegations do not entitle him to the relief he seeks.  An evidentiary hearing, therefore, is not necessary.

### CONCLUSION

For these reasons,[9] Myrick's motion for relief against Brandow and against the Government related to contact between Brandow and Minor Victim 2 (Dkt. 179) is denied.  The Clerk of Court shall mail a copy of this decision and order to Myrick. SO ORDERED.

Dated:       June 5, 2026
             Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

[9] The Court has considered all remedies requested by Myrick when resolving this motion, even if not specifically mentioned in this decision and order.